UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,

                      Plaintiff,

-against-                                      COMPLAINT

WALBER 419 COMPANY LLC, and ABC COMPANIES
1 – 10 (all other trades or businesses under common
control with WALBER 419 COMPNY LLC),

                      Defendants,
-------------------------------------------------------------------------X

Plaintiff, Building Service 32BJ Pension Fund ("Fund"), by its attorneys Raab, Sturm, & Ganchrow, LLP, as and for its Complaint against Walber 419 Company LLC ("Defendant") and ABC Companies 1-10 (all other trades or businesses under common control with Defendant (together "Defendants" and each a "Defendant") alleges as follows:

## NATURE OF ACTION

1.     This is an action commenced by the Fund to recover unpaid withdrawal liability, liquidated damages, interest, attorneys' fees, and costs within the meaning of Title VII of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001 et seq., 29 U.S.C. §1301 et seq.

## JURISDICTION

2.     Jurisdiction of this Court is invoked under the following statutes:

        (a)    Sections 4201- 4245 of ERISA, 29 U.S.C. 1381-1345

        (b)    Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

        (c)    Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

        (d)    28 U.S.C. Section 1331 (federal question); and

   (e)  28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2)).  Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2).

## PARTIES

4. The Fund is a jointly administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).  The Fund is authorized to maintain suit as independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)).  The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to provide pension benefits to those employees eligible to receive them. The Fund maintains its offices and is administered at 25 West 18th Street, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th

Street, in the City, County, and State of New York.

6. a. Upon information and belief, at all times material hereto, Defendant was, and continues to be, a New York limited liability company established pursuant to the laws of the State of New York, whose last known address is C/O Walter & Samuels, Inc., 419 Park Avenue South, 15th Fl., City , County and New York, 10016, which did business, and continues to do business, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant was party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Fund, for Defendant's employees within the unit set forth in the Agreement with Union.

6. b. Upon information and belief, ABC Companies 1-10 (all other trades or businesses under common control with Defendant), are each a "trade or business under common control" with each other pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder (the "Control Group").

## FACTUAL BACKGROUND

### Defendant's Complete Withdrawal From the Plan

7. Until on or about June 30, 2024 Defendant was obligated to contribute to the Fund for each of its participating employees, who were employed at a building located at 214 - 226 West 29th Street, New York, New York, pursuant to a series of collective bargaining agreements between Defendant and the Union.

8. On or about June 30, 2024, Defendant permanently ceased to have an obligation to contribute to the Plan. The permanent cessation of the obligation to contribute constituted a complete withdrawal from the Fund as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. §1383(a)(1).

### **Defendants' Failure to Pay the Withdrawal Liability**

9. By completely withdrawing from the Fund, Defendant incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

10. By letter dated November 25, 2024, the Fund notified Defendant of its complete withdrawal from the Plan, and that it owed the Fund withdrawal liability in the amount of $62,244.00, which could be paid in a lump sum or in 56 monthly installments of $1,299.79, beginning no later than January 29, 2025, with a final installment of $913.77. The letter further advised that Defendant had the right to arbitral review of the Fund's determination of the withdrawal liability.

11. Defendant failed to pay the withdrawal liability installment payments as and when same came due.

12. Defendant failed to timely request arbitration of the Fund's determinations.

13. By letter dated March 11, 2025, the Fund noticed Defendant of its default and granted Defendant an opportunity to cure said default, in accord with the Fund's policies and ERISA.

14. Defendant failed to cure the default.

15. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and in accordance with the Fund's rules, upon the default, the Fund accelerated Defendant's withdrawal liability payment due to Defendant's default.

16. To date, the Fund has not received any payment of the withdrawal liability amount from Defendant.

## COUNT ONE

17. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 16 set forth above as if fully set forth herein.

18. The Fund is entitled to full payment of $12,448.80, Defendant's outstanding withdrawal liability, pursuant to Section 4301 of ERISA, 29 U.S.C. §1451 and the Plan.

19. The Fund is entitled to collect of Defendant, pre-judgment interest at the rate of 9% per annum on the outstanding withdrawal liability calculated from the acceleration date pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(c)(6) and the Plan.

20. The Fund is entitled to collect of Defendant, liquidated damages in the amount of 20% of the outstanding balance of the withdrawal liability ($12,448.80), plus attorney's fees and costs, pursuant to Sections 29 U.S.C. 1451 (b) and 29 U.S.C. §1132(g)(2) and the Plan.

## SECOND CAUSE OF ACTION

21. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 20 set forth above as if fully set forth herein.

22. Pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a), the Fund is entitled to full and complete responses from Defendant to the Fund's Requests for Information concerning the entities under "common control" with Defendant.

## THIRD CAUSE OF ACTION

23. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 22 set forth above as if fully set forth herein.

24. Defendant, and ABC Companies 1-10 (all other trades or businesses under common control with Defendant) are each a "trade or business under common control" with each other pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder (the "Control Group").

25. Defendant and ABC Companies 1-10 (all other trades or businesses under common control with Defendant), are jointly and severally liable with Defendant, for the withdrawal liability of $62,244.00, plus statutory interest, liquidated damages of $12,448.80, attorney's fees and court costs.

## REQUEST FOR RELIEF

WHEREFORE, the Fund respectfully requests the following judgment in favor of the Fund and against Defendants, jointly and severally:

1. That Defendants be held liable for the outstanding withdrawal liability in the amount of $62,244.00.

2. That Defendants be held liable for the full amount of the prejudgment interest attributable to the withdrawal liability.

3. That Defendants be held liable for the liquidated damages attributable to the withdrawal liability computed at the rate of 20% of the outstanding withdrawal liability ($12,448).

4.	That Defendants be held liable for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorney's fees;

5.	That the Fund shall have such other and further relief as the Court shall deem just and proper.

Dated:	Fort Lee, New Jersey
	July 28, 2025

											Raab, Sturm & Ganchrow, LLP

											_____
											By: Ira A. Sturm
											Attorneys for Plaintiff
											2125 Center Avenue, Suite 100
											Fort Lee, New Jersey, 07024
											201-292-0150
											isturm@rsgllp.com