# Raab, Sturm & Ganchrow, LLP

COUNSELORS AT LAW
2125 CENTER AVENUE, SUITE 100
FORT LEE, NEW JERSEY 07024
Tel: (201)292-0150
FAX: (201)292-0152

RONALD RAAB*
IRA A. STURM***
ARI D. GANCHROW*

MAURA E. BREEN**
SAMUEL R. BLOOM****

———————

\* ADMITTED IN NY AND NJ
\*\*ADMITTED IN NY AND CT
\*\*\* ADMITTED IN NY AND FLA
\*\*\*\*ADMITTED IN NY, NJ AND MD

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 12/29/2025 |

**MEMORANDUM ENDORSED**

December 24, 2025

By: ECF
The Honorable Gregory H. Woods
 United States District Judge
United States District Court
500 Pearl Street, New York, NY 10007

Re:     Building Service 32BJ Pension Fund
                v.
        Walber 419 Company LLC
        USDC for the Southern District of New York
        Docket Number 25-CV-6191(GHW)

Dear Judge Woods,

        The undersigned is counsel to the Building Service 32BJ Pension Fund ("Fund"), plaintiff in the above captioned matter.  The following letter is respectfully submitted pursuant to Section 2.E.ii of Your Honor's Individual Rules of Practice.  A discovery dispute exists concerning obtaining post-judgment discovery of the defendant and a non-party, that requires the Court's intervention.  A joint-letter is not possible due to the fact that neither the defendant nor the non-party witness has responded to any communications.

        A default judgment was entered in this matter awarding the Fund the sum of $86,279.52 from the defendant, Walber 419 Company LLC. ("Walber").   Walber owned a building located at 41-19 Fourth Avenue.  The Fund has reason to believe that an entity, Walter & Samuels, Inc. ("W & S"), was, and continues to be, the managing agent retained by Walber to manage the property.

Based upon this information, the Fund served W & S with an information subpoena, with questions pursuant to NY CPLR 5223 and as authorized by FRCP 69.  The information subpoena also included a restraining order prohibiting W & S from releasing any of the assets of Walber that W & S might be in possession. (A copy of the information subpoena is annexed hereto as Exhibit "A.")  Pursuant to CPLR 5224, the information subpoena was served by certified mail. My office did not receive the signed green card receipt. However, the USPS service website identifies the subpoena as being served.  (Annexed hereto as Exhibit "B" is a copy of the delivery information posted on the USPS website.) In order to assure service for jurisdictional purposes, the information subpoena was also served upon the New York State, Secretary of State. (A copy of the affidavit of service upon the Secretary of State is annexed hereto as Exhibit "C.")  W & S has had more than seven days to respond. When no response was received to the initial service, pursuant to Section 2.E.ii of Your Honor's Individual Rules of Practice, the Fund requested that W & S agree to, and participate in, a "meet and confer" meeting.  (A copy of the "meet and confer" meeting request is annexed hereto as Exhibit "D.") The "meet and confer" letter was delivered to the email address identified on the W & S website for communications with W & S. To date the Fund has received no responsive communications from W & S.

The Fund has similarly served an information subpoena upon the defendant, Walder. (Annexed as Exhibit "E" is a copy of the information subpoena served on Walder.)  This subpoena was served through the New York Secretary of State. (A copy of the proof of service is annexed as Exhibit "F.") Service was made on December 17, 2025. The subpoena was addressed to Walber with a direction of attention to David I. Berley, the managing member of Walber. Since Walder has totally ignored all communications in this action, the Fund served a "meet and confer" letter on Walber, by emailing same to Walber, care of its managing agent W & S. (Exhibit "G.") There has been no response.

As a consequence of W & S' and Walber's failures to comply with the information subpoenas and respond to the questions posed, the Fund wishes to move for orders to compel.  The process has been followed by this District.  For example, in *Soundkillers LLC v Young Money Entertainment, LLC*, 2016 US Dist LEXIS 103047 [SDNY Aug. 2, 2016, No. 14cv7980 (KBF) (DF)], Magistrate Judge Freeman summarized the process as follows:

> Under Rule 69 of the Federal Rules of Civil Procedure, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located. Fed. R. Civ. P. 69(a)(1). Moreover, the judgment creditor may obtain post-judgment discovery in aid of execution, as provided under either the Federal Rules of Civil Procedure or by the procedure of the state in which the court sits. Fed. R. Civ. P. 69(a)(2). Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment. *See* N.Y.C.P.L.R. § 5223.

Service of an information subpoena may be by registered or certified mail, return receipt requested, and the recipient must respond within seven days. *Id.* § 5224(a)(3). If the recipient does not comply, the judgment creditor cannot immediately move for contempt under New York law; instead, as it is a nonjudicial subpoena, the enforcement of an information subpoena is governed by N.Y.C.P.L.R § 2308(b), which provides for a motion to "compel compliance." *AXA Equitable Life Ins. Co. v. Epstein*, 29 Misc. 3d 689, 907 N.Y.S.2d 601, 603 (Sup. Ct., N.Y. Cnty., 2010). In ordering compliance with an information subpoena, a court may impose costs not exceeding 50 dollars, and may order that the subpoenaed individual is liable for any damages sustained as a result of the failure to comply with the subpoena. *See* N.Y.C.P.L.R § 2308(b). "Failure to comply with the compelled compliance may then give rise to contempt." *AXA Equitable Life Ins. Co*, 907 N.Y.S.2d at 603.

See also, Your Honor's Opinion in *Allstar Mktg. Group, LLC v 158*, 2019 US Dist LEXIS 141913 [SDNY Aug. 20, 2019, No. 1:18-cv-4101-GHW].

The Fund respectfully requests that Your Honor schedule the pre-motion conference for a remote appearance. Alternatively, given the total lack of responses from both Walber and W & S, the Fund requests that Your Honor waive the necessity of a pre-motion conference and treat this letter as the motions to compel (See e.g. *Tomassi v Suffolk County*, 2020 US Dist LEXIS 172725 [EDNY Sep. 21, 2020, No. 19-CV-2537 (JMA) (AKT)]), or permit the Fund to file the motions to compel.

Respectfully submitted,

Ira A. Sturm

cc:    Walber 419 Company LLC (By First Class Mail)
c/o Walters & Samuels Inc.
500 Eighth Avenue
New York, New York 10018

Walter & Samuels Inc. (By First Class Mail)
500 Eighth Avenue
New York, New York 10018

Walber 419 Company LLC (By First Class Mail)
c/o Walters & Samuels Inc.
419 Park Ave South 15 Floor

New York, NY 10016

**Walter & Samuels Inc. (By First Class Mail)**
419 Park Ave South 15 Floor
New York, NY 10016

Application denied.  The Court will not hold a pre-motion conference or permit Plaintiff Building Service 32BJ Pension Fund (the "Fund") to file a motion to compel.  The Fund may make an application for the issuance of an order to show cause as to why the Court should not issue an order requiring Walter & Samuels, Inc. to respond to the subpoena.  The Court expects that any request for the issuance of an order to show cause will be filed no later than January 16, 2026.  Any application for the issuance of an order to show cause must comply with Rule 4(C) of the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website.  Additionally, any application for the issuance of an order to show cause must be supported by a memorandum of law and affidavits with all factual support for the application.

Counsel for the Fund is directed to serve a copy of this order on defendants and to retain proof of service. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 22.

SO ORDERED.

Dated:  December 29, 2025

GREGORY H. WOODS
United States District Judge